## STATE ex rel. COMMISSIONERS OF THE LAND OFFICE v. DISTRICT COURT OF OSAGE COUNTY et al.

No. 29593.  June 11, 1940.

*103 P. 2d 531.*

Tom Huser and William L. Peterson, both of Oklahoma City, for petitioners.

Frank Mahan, of Fairfax, for respondents.

RILEY, J. This is an original action in this court by the state of Oklahoma on the relation of the Commissioners of the Land Office, wherein prohibition is sought against the district court of Osage county and Honorable Hugh C. Jones, district judge, prohibiting the enforcement of a certain order made in the course of a foreclosure action brought by the Commissioners of the Land Office to foreclose a mortgage on certain real property in Osage county.

The action was commenced in 1934. No service was had on the defendants until about September, 1937. In September, 1936, W. K. Moore was appointed receiver to collect the rents and conserve the property. The principal defendants were nonresidents of the state, and were in default for answer.

In the meantime the property had been sold for taxes to the county. No redemption having been effected, the property was sold at resale to one Paul Ducotey under the 1939 Resale Act, art. 31, ch. 66, S. L. 1939.

Section 14 of said act provides that the last record owner of any real estate sold at the 1939 resale, or any person having legal or equitable interest therein, may redeem the same by paying to the county treasurer on or before the 1st day of December, 1939, the full amount paid for the resale deed if sold to an individual purchaser, including costs of listing, advertising, and sale, the cost of deed and recording thereof plus penalty and interest at the rate of one per cent. (1%) per month.

Ducotey filed in the foreclosure action an application asking that the receiver be discharged or be required to redeem the property as provided in said act. On November 28, 1939, the court sustained said application and entered an order directing the receiver to pay the necessary amount out of funds in

412

his hands by 5 o'clock November 29, 1939.

Plaintiffs excepted to said order and gave notice of intention to appeal to the Supreme Court.

It is alleged that the district judge indicated that if said order was not complied with within the time set in the order, the receiver would be discharged and another appointed in his stead.

Thereupon petition herein was filed seeking a writ requiring and directing respondent to hold said order in abeyance and not enforce the order theretofore made and commanding that no change be made in the status of the receiver or any funds in his hands as such receiver pending final determination of said action, or in the alternative show cause within ten days why he should not be so restrained.

No formal return of the alternative writ has been made. However, briefs have been filed by both parties going largely to the question of the validity of the order in question. But that question is not properly before the court at this time in this proceeding.

The only relief sought or involved in this proceeding is that the order be stayed and held in abeyance until the validity of the order so made and the question of the right of the trial court to require the receiver to redeem from said sale may be determined by proper appeal.

It is apparent that the proper time to contest the right of the purchaser at resale to have the receiver redeem the land is when the case is for final determination of the foreclosure action. For this reason and for the further reason that no return of the alternative writ has been made, let order staying proceeding pending appeal issue.

WELCH, V. C. J., and OSBORN, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and CORN and GIBSON, JJ., absent.